■ In the Matter of MICHAEL KATURBUS, Doing Business as CIRCUS LOUNGE, Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to review a determination of respondent State Liquor Authority, rendered April 20, 1967, which (1) suspended petitioner's restaurant on-premises liquor license for premises in Hempstead, Nassau County, for 30 days (upon charges 2, 3 and 4), (2) conditionally deferred the suspension for 12 months (because of petitioner's failure to have the license renewed) and (3) directed payment of $500 on petitioner's bond. Determination modified, on the law, by (1) annulling (a) the findings therein that charges 2 and 3 were sustained and (b) the suspension of the license for separate periods of 10 days upon each of said charges; and (2) reducing (a) the total period of suspension accordingly to 10 days (deferred) and (b) the amount directed to be paid on the bond to $100 (on charge 4). As so modified, determination confirmed, without costs. For 12 years prior to the times when petitioner allegedly committed the acts set forth in the charges herein, in August of 1966, there had been no determination by the Authority of any violation of the Alcoholic Beverage Control Law by petitioner. The Authority's Hearing Officer found (1) there was insufficient substantial evidence of a pattern of solicitation for immoral purposes in the licensed premises on the day involved in charge 1, August 30, 1969, and (2) on that day petitioner permitted an unescorted female to meet an unescorted male in the premises and the female thereafter solicted the male for immoral purposes (charges 2 and 3). These findings were accepted by the Authority. In our opinion the Authority's determination that charges 2 and 3 were established, constituting violation of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, should be annulled. The evidence did not substantially establish that petitioner had knowingly permitted or failed to prevent solicitation by a female of a male in the licensed premises for immoral purposes as charged (cf. *Matter of Migliaccio* v. *O'Connell,* 283 App. Div. 1112, affd. 307 N Y 566; *Matter of Abatz* v. *State Liq. Auth.,* 21 A D 2d 658, affd. 15 N Y 2d 643; *Matter of Ray's Tenderloin* v. *New York State Liq. Auth.,* 20 A D 2d 695; *Matter of Mur-Art-Sol* v. *State Liq. Auth.,* 6 A D 2d 683). Brennan, Acting P. J., Rabin, Hopkins, Martuscello and Kleinfeld, JJ., concur.